**BRYAN CAVE LEIGHTON PAISNER LLP**
Marcy J. Bergman, California Bar No. 75826
Tracy M. Talbot, California Bar No. 259786
Alex Whitworth, California Bar No. 303046
Katherine E. Green, California Bar No. 312928
Three Embarcadero Center, 7th Floor
San Francisco, CA  94111-4070
Telephone:    (415) 675-3400
Facsimile:    (415) 675-3434
Email:         marcy.bergman@bclplaw.com
               tracy.talbot@bclplaw.com
               alex.whitworth@bclplaw.com
               katherine.green@bclplaw.com

Attorneys for Plaintiff
AIRWAIR INTERNATIONAL LTD.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AIRWAIR INTERNATIONAL LTD., a company of the United Kingdom,<br><br>Plaintiff,<br><br>vs.<br><br>YOOX NET-A-PORTER GROUP S.P.A., an Italian Corporation; and DOES 1-50,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR**<br><br>**(1)   FEDERAL TRADEMARK INFRINGEMENT**<br>**(2)   FEDERAL FALSE DESIGNATION OF ORIGIN**<br>**(3)   TRADEMARK DILUTION**<br>**(4)   CALIFORNIA STATUTORY UNFAIR COMPETITION**<br>**(5)   COMMON LAW UNFAIR COMPETITION**<br>**(6)   CALIFORNIA STATUTORY TRADEMARK DILUTION**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Date Action Filed: |

1. Plaintiff AIRWAIR INTERNATIONAL LTD. is a wholly owned subsidiary of Dr. Martens AirWair Group Ltd. and is engaged in the design, manufacture, marketing, and sale of Dr. Martens® footwear (Airwair International Ltd. and Dr. Martens AirWair Group Ltd. are referred to collectively hereafter as "AirWair").  Airwair International Ltd. is a company of the United Kingdom, located and doing business at 28 Jamestown Road, Camden Town, London NW1 7BJ, United Kingdom.

2. On information and belief, Defendant YOOX NET-A-PORTER GROUP S.P.A. ("YNAP") is an Italian corporation located and doing business at Via Morimondo 17, Milan, 20143, Italy.

3. On information and belief, Yoox is an online fashion retailer that markets, distributes, and sells footwear products within this District through its U.S.-facing website, www.yoox.com/us/.  Footwear products sold on www.yoox.com/us/ are the subject matter of this action.

4. Defendants sued as DOES 1 through 50 are persons or entities whose identities are not yet known to AirWair ("Doe Defendants").  Plaintiff will seek leave of Court to substitute their true names when they become known.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a), in that this case arises under the trademark laws of the United States, 15 U.S.C. §§ 1051 et seq.

6. This Court has pendant jurisdiction under 28 U.S.C. § 1338(b), in that this case arises under claims joined with a substantial and related claim under the trademark laws of the United States.

7. This Court has personal jurisdiction over Defendant under Federal Rule of Civil Procedure 4(k)(1)(A) and California Code of Civil Procedure 410.10 because Defendant has sufficient minimum contacts with the United States and California.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant conducts business within this District and has engaged in, and continues to

engage in, acts of advertising and offering services and retail goods and products to consumers located within this District.

## FACTUAL ALLEGATIONS

9. AirWair is headquartered in England and, through its predecessor company, has manufactured footwear since 1901. AirWair has been manufacturing and marketing Dr. Martens® footwear since 1960. Dr. Martens footwear is famous worldwide, and has been sold in England and throughout Europe; in Japan, China, Korea, Malaysia, Hong Kong, Thailand, Vietnam, and other Asian countries; in the United States, Canada, Mexico, and Central and South America; in Australia and New Zealand; and in the Middle East.

10. Since as early as 1984, AirWair has marketed and sold Dr. Martens boots, shoes, and sandals in the United States using a distinctive trade dress that features a two-tone grooved sole edge, the distinctive DMS sole pattern, yellow stitching in the welt area of the sole, and a black fabric heel loop.

11. Dr. Martens footwear is widely recognized and extremely popular and has achieved recognition as ranking among the world's greatest and most recognizable brands. The distinctive trade dress of its iconic boots and shoes has been used by the company since 1960 and is world famous. Over the past 30 years, millions of pairs of shoes, boots, and sandals with the distinctive trade dress have been sold in the United States.

*[balance of page intentionally left blank]*

12. AirWair holds many registrations for its trade dress throughout the world including the following registrations in the United States Patent and Trademark Office:

| Trade Dress Mark[1] | Design Element (where applicable) | Goods/Service |
|---|---|---|
| **Footwear Design (The "DMS undersole")** *(incontestable mark) 2,102,468 10/07/1997 Attached as **Exhibit 1** | | Class 25: Footwear  Notes: The mark consists of the design of an undersole. The phantom lining is not a part of the mark, but merely indicates the position of the mark. |
| **Footwear Design** *(incontestable mark) 2,437,750 03/27/2001 Attached as **Exhibit 2** | | Class 25: Footwear  Notes: The mark consists of a welt stitch located around the perimeter of footwear. The phantom lining is not a part the mark, but merely indicates the position of the mark. The drawing of the welt stitch is lined for the color yellow and claim is made to color. |
| **Footwear Design** *(incontestable mark) 2,437,751 03/27/2001 Attached as **Exhibit 3** | | Class 25: Footwear  Notes: The mark consists of the combination of yellow stitching in the welt area and a two-tone grooved sole edge. The drawing of the welt stitch is lined for the color yellow, and claim is made to color. |

---

[1] An "*" denotes that a declaration of continued use has been filed under Section 15 of the Lanham Act and the mark has become incontestable.

| | | |
|---|---|---|
| **Footwear Design**<br>5,067,689<br>10/25/2016<br><br>Attached as **Exhibit 4** | | Class 25: Footwear<br><br>Notes: The mark consists of the design of a sole edge including longitudinal ribbing, and a dark color band over a light color. The phantom lining is not a part of the mark, but merely indicates the position of the mark. |
| **Footwear Design**<br>5,067,692<br>10/25/2016<br><br>Attached as **Exhibit 5** | | Class 25: Footwear<br><br>Notes: The mark consists of longitudinal ribbing and a dark color band over a light color on the outer sole edge, welt stitching, and a tab located at the top back heel of footwear. |



13. All of the above trade dress of Dr. Martens footwear ("Dr. Martens Trade Dress") has been in use in the United States since at least 1984.

14. AirWair has filed declarations of continued use under Sections 8 and 15 of the Lanham Act for Dr. Martens Trade Dress marks referenced in Exhibits 1, 2, and 3, and those marks have thus become incontestable.

15. The Dr. Martens Trade Dress is unique and distinctive when applied to the Dr. Martens footwear and related merchandise, and identifies the merchandise as high-quality goods from AirWair. The registration of these marks constitutes *prima facie* evidence of their validity, and conclusive evidence of AirWair's exclusive right to use the Dr. Martens Trade Dress in connection with the goods identified therein and other commercial goods.

16. The Dr. Martens Trade Dress marks qualify as famous marks, as that term is used in 15 U.S.C. § 1125(c)(1), and such marks have been continuously used and never abandoned.

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111

17. Dr. Martens has sold its footwear with its distinctive Trade Dress for nearly 60 years. An example of classic Dr. Martens footwear is shown below.



18. The Dr. Martens Trade Dress and each of the elements thereof are distinctive or have acquired distinctiveness, and are non-functional.

19. AirWair is informed and believes that Yoox has marketed, distributed, and sold footwear that is confusingly similar to and that unlawfully copies the Dr. Martens Trade Dress and various distinctive features of Dr. Martens footwear in violation of AirWair's rights ("the Infringing Footwear").

20. The Infringing Footwear marketed and sold by Yoox includes the "Stellaberg" brand boots pictured in **Exhibit 6** attached hereto, the "TSD 12" brand shoes pictured in **Exhibit 7** attached hereto, the "Greenwich Polo Club" brand boots pictured in **Exhibit 8** attached hereto, the "Mauro Fedeli Italia" brand shoes pictured in **Exhibit 9** attached hereto, the "Café Noir" brand boots pictured in **Exhibit 10** attached hereto, the "Pierre Darre" brand boots pictured in **Exhibit 11** attached hereto, the "Le Qarant" brand shoes pictured in **Exhibit 12** attached hereto, the "G-Six Workshop" brand boots pictured in **Exhibit 13** attached hereto, and the "Cult" brand boots pictured in **Exhibit 14** attached hereto.

21. The Infringing Footwear unlawfully copies and uses the Dr. Martens Trade Dress and distinctive features of Dr. Martens footwear, including the yellow welt stitch, two-tone grooved sole edge, DMS undersole, and heel loop. Below are examples of infringing footwear advertised and sold by Yoox on the www.yoox.com/us/ website.




**Genuine Dr. Martens® 1460 Boot**

**Infringing Footwear Sold by Yoox (Stellabug)**




**Genuine Dr. Martens® 1461 Shoe**

**Infringing Footwear Sold by Yoox (TSD 12)**




**Genuine Dr. Martens® 1460 Boot**

**Infringing Footwear Sold by Yoox (Café Noir)**




**Genuine Dr. Martens® 1460 Boot**     **Infringing Footwear Sold by Yoox (Pierre Darre)**

22. AirWair is informed and believes that the Infringing Footwear is regularly sold in California and in the Northern District of California. True and correct copies of receipts for the Infringing Footwear purchased in California through Yoox's U.S-facing website are attached hereto as **Exhibit 15**.

23. Yoox's offering for sale and sale of the Infringing Footwear is likely to cause and has caused confusion between Dr. Martens footwear and the footwear sold on Yoox's website.

24. Upon information and belief, Yoox is familiar with the Dr. Martens brand and its famous Trade Dress, which is and has been sold throughout the world for more than 50 years. Dr. Martens informed Yoox of the infringement at issue in this Complaint through a cease and desist letter in March 2018. Despite this letter and its knowledge of its sale of infringing products, Yoox has continued to sell the Infringing Footwear that copies the Dr. Martens Trade Dress in order to capitalize on the reputation and fame of the Dr. Martens brand. This is an "exceptional case" of infringement within the meaning of 15 U.S.C. §§ 1117(b) and 1117(a)(3) because Yoox knowingly and intentionally sold footwear that copied Dr. Martens Trade Dress, and AirWair is therefore entitled to treble damages and attorneys' fees.

25. The use of the Dr. Martens Trade Dress on the Infringing Footwear suggests a sponsorship and affiliation that does not exist.

26. Yoox has no right to use the Dr. Martens Trade Dress. Yoox's sale, advertisement, distribution, and promotion of the Infringing Footwear in the United States is without authorization or consent from AirWair.

8
COMPLAINT

USA01\12179873.2\C070820\2389888

27. Yoox's conduct in selling footwear that copies the Dr. Martens Trade Dress has been systematic and deliberate. Yoox has sold footwear that copies the Dr. Martens Trade Dress, and the overall style and configuration of Dr. Martens boots and shoes in a deliberate and calculated attempt to trade upon the popularity and distinctive appearance and design of Dr. Martens footwear.

28. By reason of Yoox's acts, AirWair has suffered and will continue to suffer damage to its business, reputation, and goodwill, and the loss of sales and profits AirWair would have realized but for Yoox's acts. Unless restrained and enjoined, Yoox will continue to engage in the acts complained of and irreparably damage AirWair. AirWair's remedy at law is not adequate to compensate AirWair for all the resulting injuries arising from Yoox's actions.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement in Violation of Lanham Act Section 32, 15 U.S.C. § 1114)

29. AirWair realleges and incorporates by reference paragraphs 1 through 28 of this Complaint.

30. Defendant has, on or in connection with footwear products, used in commerce subject to regulation by the U.S. Congress, a reproduction, counterfeit, copy or colorable imitation of the Dr. Martens Trade Dress in connection with the sale, offering for sale, distribution, and/or advertising of goods and services, which use is likely to cause confusion, or to cause mistake, or to deceive.

31. Defendant has, on or in connection with footwear products, reproduced, counterfeited, copied and/or imitated the Dr. Martens Trade Dress and has applied such reproductions, counterfeits, copies and/or colorable imitations to footwear, signs, displays, advertisements, promotional materials, packaging, website content, and other materials used in commerce in connection with the sale, offering for sale, distribution, or advertising of goods and services, which use is likely to cause confusion, or to cause mistake, or to deceive.

32. Defendant is acting and has acted with knowledge that its copying and use of the Dr. Martens Trade Dress is unauthorized, and such imitation is intended to cause confusion, or to cause mistake, or to deceive.

33. Defendant's acts are in violation of 15 U.S.C. § 1114, and AirWair has been and is likely to be damaged by these acts.

## SECOND CLAIM FOR RELIEF

### (Federal Unfair Competition and False Designation of Origin in Violation of Lanham Act Section 43(a), 15 U.S.C. § 1125(a))

34. AirWair realleges and incorporates herein by reference paragraphs 1 through 33 of this Complaint.

35. Defendant's unlawful copying and use of the Dr. Martens Trade Dress in connection with its footwear products is a false and misleading designation of origin and a false and misleading representation of facts, which:

(a) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with AirWair, or as to the origin, sponsorship, or approval of Defendant's goods or commercial activities by AirWair; and/or

(b) in commercial advertising or promotion, misrepresent the nature, characteristics, or qualities of Defendant's goods, services, or commercial activities.

36. Defendant's acts are in violation of 15 U.S.C. § 1125(a), and AirWair has been and is likely to be damaged by these acts.

## THIRD CLAIM FOR RELIEF

### (Federal Trademark Dilution in Violation of Lanham Act Section 43(c), 15 U.S.C. § 1125(c))

37. AirWair realleges and incorporates herein by reference paragraphs 1 through 36 of this Complaint.

38. The Dr. Martens Trade Dress is distinctive and famous in the United States. Defendant has used and is using trade dress on its footwear products that are substantially

indistinguishable from the Dr. Martens Trade Dress, after they became famous.

39. On information and belief, Yoox acted with knowledge of the fame and reputation of the Dr. Martens Trade Dress with the purpose of usurping such rights and to willfully and intentionally confuse, mislead, and deceive members of the public.

40. Yoox's actions have and are likely to dilute, blur, and tarnish the distinctive quality of the Dr. Martens Trade Dress, and lessen the capacity of the Dr. Martens Trade Dress to identify and distinguish the company's products.

41. Yoox's acts are in violation of 15 U.S.C. § 1125(c), and AirWair has been and is likely to be damaged by these acts. Unless Yoox is restrained, AirWair will continue to suffer damages and injury to its reputation and goodwill.

42. Because Yoox acted willfully and intentionally to trade on AirWair's reputation and/or cause dilution of its famous Dr. Martens Trade Dress, AirWair is entitled to damages, extraordinary damages, fees and costs pursuant to 15 U.S.C. § 1125(c)(2).

## FOURTH CLAIM FOR RELIEF

### (Unfair Competition in Violation of California Business & Professions Code Section 17200, et seq.)

43. AirWair realleges and incorporates herein by reference paragraphs 1 through 42 of this Complaint.

44. Yoox's acts including the unlawful use and imitation of the Dr. Martens Trade Dress in connection with the manufacture, marketing, distribution, and sale of footwear products constitute an unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising, in violation of California Business and Professions Code §§ 17200, et seq.

45. Yoox's pattern and practice of imitating the Dr. Martens Trade Dress in connection with its footwear products, and of trading upon AirWair's goodwill and reputation, constitutes an unfair business practice in violation of California Business and Professions Code §§ 17200, et seq.

46. Yoox's conduct was willful, and AirWair has been and is likely to be

damaged as a direct result of these acts.

## FIFTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

47. AirWair realleges and incorporates by reference paragraphs 1 through 46 of this Complaint.

48. Yoox's use and imitation of the Dr. Martens Trade Dress and the combination of its style features in footwear constitutes infringement, copying, imitation, and misappropriation of AirWair's intellectual property, unjust enrichment of Yoox, and unfair competition with AirWair in violation of AirWair's rights under the common law of the State of California and other states of the United States.

49. Yoox's willful acts of misrepresentation, fraud, and deceit have unjustly enriched Yoox and violated AirWair's rights.

## SIXTH CLAIM FOR RELIEF

### (Dilution in Violation of California Business & Professions Code Section 14247, et seq.)

50. AirWair realleges and incorporates by reference paragraphs 1 through 49 of this Complaint.

51. The Dr. Martens Trade Dress has become famous, in that it is widely recognized by the general consuming public of this state as a designation of source AirWair's high-quality goods and services.

52. After the Dr. Martens Trade Dress became famous, Yoox began using trade dress in connection with the Infringing Footwear that is substantially identical to the Dr. Martens Trade Dress.

53. Yoox's actions have diluted, blurred, and tarnished the strong and positive associations represented by the Dr. Martens Trade Dress by lessening the capacity of the Dr. Martens Trade Dress to identify and distinguish AirWair's products and by causing AirWair's products and the Dr. Martens Trade Dress to be associated with footwear not

made, sponsored, or approved by AirWair.

54. Yoox's acts are in violation of California Business & Professions Code sections 14247, et seq., and AirWair has been and is likely to be damaged by these acts.

## PRAYER FOR RELIEF

Wherefore, AirWair prays for judgment in its favor and against Yoox:

A. A preliminary and permanent injunction enjoining Yoox, its officers, parents, affiliates, shareholders, agents, servants, employees, attorneys, successors and assigns, suppliers, manufacturers, distributors, business partners, e-tailers, retailers, and those in privity with them, and those persons in active concert or participation with any of them who receive actual notice of the judgment by personal service or otherwise, from manufacturing, marketing, distributing or selling the Infringing Footwear or any other footwear products that use, imitate or copy any of the Dr. Martens Trade Dress or Trademarks, as illustrated in Exhibits 1-5, or any combination of them.

B. An Order directing Yoox to file with this Court and serve on AirWair's counsel within 30 days after service of an injunction, a report under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

C. An Order that (1) all point-of-sale materials, labels, signs, boxes, prints, catalogs, line sheets, marketing materials, internet web pages, metatags, packages, papers, other trade dress, and advertisements in the possession or control of Yoox bearing images, illustrations, or representations of the enjoined footwear, Trade Dress, Dr. Martens® name, and undersole patterns, and all plates, molds, matrixes, and other means of making the same, be delivered to AirWair's counsel or destroyed in accordance with written instructions from AirWair; (2) that Yoox disclose the identities of the vendors, manufacturers, distributors, suppliers, retailers, and e-tailers of the Infringing Footwear, sole molds, and undersole; (3) all footwear bearing any of the Trade Dress features identified in Exhibits 1-5 hereto be delivered to AirWair or destroyed in accordance with written instructions from AirWair; and (4) all internet advertising, including keywords, adwords, metatags, sponsored ads, links, and other advertising that uses or refers to Dr.

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111

USA01\12179873.2\C070820\2389888

Martens, DOCS, DMs, or any version of the Dr. Martens Trade Dress be immediately discontinued and removed from operation or view.

D. An accounting for Yoox's profits arising from Defendant's unfair competition and trademark infringement and an award of Defendant's profits to Plaintiff, including disclosure of the number of pairs of Infringing Footwear sold in the United States and internationally and an accounting for the gross revenue derived from sale of the Infringing Footwear.

E. An award of damages sustained by Plaintiff.

F. In the alternative to actual damages and profits, an award of statutory damages in an amount of not more than $1,000,000 per counterfeit mark per type of services and/or goods sold or offered for sale by Yoox.

G. An award of treble the actual damages awarded.

H. Pre-judgment and post-judgment interest on the above damage awards.

I. An award of costs and reasonable attorneys' fees and expenses incurred by AirWair in connection with this action.

J. Such other and further relief that this Court may deem just.

## DEMAND FOR JURY TRIAL

AirWair hereby demands a trial by jury.

Dated: October 2, 2018                                **BRYAN CAVE LLP**

By:  */s/ Tracy M. Talbot*
     Marcy J. Bergman
     Tracy M. Talbot
     Katherine E. Green
Attorneys for Plaintiff
AIRWAIR INTERNATIONAL LTD.